IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JONATHAN R. BANASZKIEWICZ

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

OPINION & ORDER

16-cv-437-jdp

      Petitioner Jonathan Banaskiewicz is in the custody of the federal Bureau of Prisons, and he is serving a sentence for a 2013 conviction for drug distribution with a firearm enhancement. Petitioner moves to vacate his sentence pursuant to 28 U.S.C. § 2255, invoking *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because petitioner is proceeding pro se, I must review his petition under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). After conducting a preliminary review of the petition under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, I conclude that petitioner is not entitled to relief under *Johnson*. I will therefore deny petitioner's motion to vacate his sentence.

BACKGROUND

      In June 2013, the United States filed a four-count indictment against petitioner. The government charged that petitioner: (1) distributed methamphetamine, in violation of 21 U.S.C. § 841(a)(1); (2) possessed methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); (3) possessed a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (4) possessed a firearm after having been

convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). A few months later, petitioner pleaded guilty to counts two and three. The court sentenced petitioner to 18 months of imprisonment on count two and to a mandatorily consecutive term of 60 months of imprisonment on count three.

Petitioner did not appeal his conviction or sentence. But he filed this motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. Because petitioner invoked *Johnson*, the court invited the Federal Defender to review this case and determine whether he would represent petitioner. On July 21, 2016, the Federal Defender's office filed a notice indicating that it did not intend to appear on petitioner's behalf.

ANALYSIS

Petitioner presents one ground for habeas review: he contends that *Johnson* invalidates his sentence enhancement under 18 U.S.C. § 924(c). Dkt. 1, at 4, 13-23. I conclude that *Johnson* does not entitle petitioner to habeas relief. I will therefore deny petitioner's motion to vacate his sentence, and I will close this case.

Petitioner's motion is timely. Under 28 U.S.C. § 2255(f)(3), a petitioner must file a motion challenging his sentence within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Johnson* on July 26, 2015, and petitioner filed his § 2255 motion on June 17, 2016.

The issue in *Johnson* was the constitutionality of one part of 18 U.S.C. § 924(e)(2)(B), which defines a "violent felony" as any crime punishable for a term exceeding one year that:

"(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." (emphasis added). The emphasized phrase is the "residual clause," which the *Johnson* Court declared to be unconstitutionally vague. 135 S. Ct. at 2563. As a result, criminal defendants who received enhanced sentences pursuant to § 924(e)'s residual clause can now challenge those enhanced sentences as unconstitutional.

Section 924(c)—the statute under which petitioner received an enhanced sentence—was not directly at issue in *Johnson*. But § 924(c) has a residual clause with language that is substantially similar to § 924(e)'s residual clause. Specifically, § 924(c)(1)(A) establishes enhanced penalties for a defendant who uses or carries a firearm in relation to any crime of violence or drug trafficking crime, or who possesses a firearm in furtherance of such a crime. And like § 924(e)'s definition of a "violent felony," § 924(c)(3) defines a "crime of violence" as any felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Given the similarities in the two statutes' residual clauses, other district courts in this circuit have concluded that *Johnson* applies to § 924(c)'s definition of a crime of violence, and that the case likely invalidates the residual clause in this provision. *See, e.g.*, *Eldridge v. United States*, No. 16-cv-3173, 2016 WL 3556997, at *2 (C.D. Ill. June 24, 2016) (citing *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015)); *United States v. Crawford*, No. 15-cr-070, 2016 WL 320116, at *1 (N.D. Ind. Jan. 27, 2016). *But see Cooper v. Krueger*, No. 15-cv-

3

1425, 2015 WL 8215348, at *3 (C.D. Ill. Dec. 8, 2015) (noting differences between § 924(c)'s crime of violence provisions and § 924(e)'s violent felony provisions and concluding that *Johnson* does not apply to § 924(c)-based challenges). The Seventh Circuit has not definitively resolved this issue. But for reasons explained below, I do not need to determine whether *Johnson* invalidates § 924(c)'s residual clause. Even assuming that it does, for purposes of reviewing petitioner's motion, he is still not entitled to habeas relief.

Petitioner did not receive an enhanced sentence under the "crime of violence" prong of § 924(c), which means that his case does not involve § 924(c)'s residual clause.[1] Instead, petitioner received an enhanced sentence under the "drug trafficking" prong of § 924(c). *Johnson* did not affect this prong, and so the case does not support petitioner's challenge to his sentence. *See United States v. Parnell*, No. 14-4100, 2016 WL 3230697, at *4 (3d Cir. June 13, 2016) ("*Johnson* does not call into question the statute's unambiguous definition of 'drug trafficking crime.'"); *Eldridge v. United States*, No. 16-cv-3173, 2016 WL 4062858, at *3 (C.D. Ill. July 29, 2016) ("*Johnson* has no effect on convictions for § 924(c) based on drug trafficking crimes."). Because petitioner is not entitled to relief under *Johnson*, and because this is the only argument that he raises in this case, I will deny petitioner's motion to vacate his sentence.

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. Under 28 U.S.C. § 2253(c)(2), I cannot issue a certificate of appealability unless a petitioner makes "a substantial showing of the denial of a constitutional right." To make this showing, a

---

[1] Petitioner also did not receive an enhanced sentence under § 924(e) for having three or more prior convictions for drug offenses or violent felonies, which means that his case does not involve § 924(e)'s residual clause.

petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and internal quotation marks omitted). Although Rule 11 allows me to ask the parties to submit arguments about whether a certificate should issue, it is not necessary to do so in this case. For the reasons explained above, I conclude that petitioner has not made a showing, substantial or otherwise, that he meets the requirements for a certificate of appealability. Thus, I will not issue petitioner a certificate of appealability.

## ORDER

IT IS ORDERED that:

1. Petitioner Jonathan Banaskiewicz's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, Dkt. 1, is DENIED. The clerk of court is directed to enter judgment for respondent and close this case.

2. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals, pursuant to Federal Rule of Appellate Procedure 22.

Entered August 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge
